UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMANUEL SILVA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:26-cv-09345-FJS

FINDING AND RECOMMENDATION THAT THE APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

(ECF No. 2)

ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE IN THIS MATTER

On November 11, 2026, Plaintiff Emanuel Silva ("Plaintiff") filed a complaint challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

I. LEGAL STANDARD

To proceed without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). In enacting the in forma pauperis statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an

action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).

The determination whether a party may proceed in forma pauperis is a "matter within the discretion of the trial court ..." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963). To proceed in forma pauperis a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Although there is no bright line rule, courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Boulas v. United States Postal Serv.*, No. 1:18-cv-01163- LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis* application).

II. <u>DISCUSSION</u>

Plaintiff states that he last worked part-time in 2025 earning around $1,050 per month. (ECF No. 2 at 1.) Plaintiff's application further reflects that his two-person household, consisting of himself and his spouse, also receives $1,700 per month in income from his wife's job. (*Id.*); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (court may consider a plaintiff's spouse's financial resources in determining whether applicant is entitled to in forma pauperis status). For a family or household of two, the 2026 poverty guideline is $21,640. *See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs*, available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 13, 2026). Based on Plaintiff's 2025 part time wages and his spouse's current wages, Plaintiff's household has a combined annual income of roughly $33,000, which is above the federal poverty guideline for a household of two.

Plaintiff further outlines monthly expenses in the amount of $3,940, consisting of $1,450 in rent, $250 in utilities, $900 in health insurance, $300 in gasoline, and $1,040 in car insurance and monthly payments. (*Id.*) Plaintiff also reports $50,000 in credit card debt. (*Id.*) Yet Plaintiff's application also reveals $500.00 in cash on hand between checking and savings account, as well

as three vehicles with a net value of $24,000. (*See* ECF No. 2 at 2 ¶¶ 5, 8.)

Although Plaintiff's household has a combined monthly income of $2,750, which is below his reported monthly expenses, the court finds that Plaintiff's annual income and other vehicle assets do not demonstrate that Plaintiff is indigent within the meaning of section 1915(a). *See, e.g., Quiroz v. California Dep't of Forestry & Fire Prot.,* No. 1:26-CV-03559-KES-HBK, 2026 WL 1536777, at *1 (E.D. Cal. June 1, 2026) (finding that a plaintiff with substantial credit card debt was ineligible to proceed in forma pauperis where there was no indication that plaintiff was unable to meet monthly installments and income was above the federal poverty guideline). The court acknowledges that Plaintiff's budget may very well be tight. Still, the affidavit currently before the court does not demonstrate that paying the $405 filing fee would deprive him of life's necessities. *See Kaur v. Comm'r of Soc. Sec.*, Case No. 1:22-cv-00367-SAB, 2022 WL 1023975, at *2 (Apr. 1, 2022), (recommending denial of in forma pauperis application and noting "courts in this district have denied applications to proceed IFP, even where the budget 'appear[s] tight,' if the itemized expenses reflect at least some extent of discretionary spending beyond strict necessity") (collecting cases). For these reasons, the court will find and recommend that Plaintiff's application to proceed in forma pauperis be denied.

## III. CONCLUSION AND ORDER

Having considered Plaintiff's application (ECF No. 2), the court finds that Plaintiff has not made the showing required by section 1915 that he is unable to pay the required fees for this action. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed without prepayment of fees and costs (ECF No. 2) be DENIED; and
2. Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within <u>fourteen (14) days</u> after being served with a copy of these findings and recommendations, a party may file

written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **November 13, 2026**

UNITED STATES MAGISTRATE JUDGE